```
McGREGOR W. SCOTT
United States Attorney
PHILLIP A. TALBERT
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:05-MC-00035 DFL |
| Plaintiff, ) | CONSENT JUDGMENT |
| v. ) | OF FORFEITURE |
| APPROXIMATELY $9,960.00 IN U.S. CURRENCY, ) | |
| Defendant. ) | |
| RAMON RAMIREZ and OSBALDO RAMIREZ, ) | |
| Potential Claimants. ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On October 6, 2004, Ramon Ramirez and Osbaldo Ramirez were indicted pursuant to 21 U.S.C. §§ 841(a)(1) and 846.

2. On July 23, 2004, a confidential source, acting under the direction of law enforcement, arranged a meeting with Ramon Ramirez at a Yuba City, California restaurant. At the meeting, Ramon Ramirez offered to sell methamphetamine to the confidential source. The confidential source asked for one-half pound of

1

methamphetamine, and Ramon Ramirez said he would check his sources. Ramon Ramirez provided the confidential source with a sample of a substance containing what laboratory testing revealed was 0.6 grams of methamphetamine.

3.   Later on July 23, 2004, the confidential source met with Ramon Ramirez and followed him to his residence in Live Oak, California.  The confidential source provided Ramon Ramirez with $3,600 to purchase one-half pound of methamphetamine.  Ramon Ramirez instructed Osbaldo Ramirez to go get it.  Osbaldo Ramirez left, and later returned and said it was ready.  The confidential source then followed Ramon Ramirez and Osbaldo Ramirez to a shed in the backyard where Ramon Ramirez, with Osbaldo Ramirez present, weighed out and packaged for the confidential source a substance containing what laboratory testing revealed was 136.5 grams of methamphetamine.

4.   On September 22, 2004, law enforcement officers executed a federal search warrant at 2712 Donovan Court, Live Oak, California and arrest warrant on Ramon Ramirez.  The law enforcement officers located 41.7 grams of an unknown white powder substance that was concealed in a white cardboard box in the garage, approximately $4,960.00 in U.S. Currency in a coffee cup and approximately $5,000.00 in U.S. Currency in a second coffee cup.

5.   Ramon Ramirez and Osbaldo Ramirez acknowledge that they are the sole owners of the defendant approximately $9,960.00 in U.S. Currency and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Ramon Ramirez and Osbaldo

1 Ramirez shall hold harmless and indemnify the United States, as set
2 forth below.
3     6. This Court has jurisdiction in this matter pursuant to 28
4 U.S.C. §§ 1345 and 1355, as this is the judicial district in which
5 acts or omissions giving rise to the forfeiture occurred.
6     7. This Court has venue pursuant to 28 U.S.C. § 1395, as this
7 is the judicial district in which property was seized.
8     8. The parties herein desire to settle this matter pursuant
9 to the terms of a duly executed Stipulation for Consent Judgment of
10 Forfeiture.
11     Based upon the above findings, and the files and records of
12 the Court, it is hereby ORDERED AND ADJUDGED:
13     9. The Court adopts the Stipulation for Consent Judgment of
14 Forfeiture entered into by and between the parties.
15     10. All right, title, and interest in $4,980.00 of the
16 approximately $9,960.00 in U.S. Currency seized on or about
17 September 22, 2004, plus any accrued interest, shall be forfeited
18 to the United States pursuant to 21 U.S.C. § 881(a)(6), to be
19 disposed of according to law.
20     11. Upon entry of this Consent Judgment of Forfeiture, but no
21 later than 30 days thereafter, the U.S. Marshals Service shall
22 return a total of $4,980.00 to Ramon Ramirez and Osbaldo Ramirez by
23 way of a check made payable to Osbaldo Ramirez. Both Ramon Ramirez
24 and Osbaldo Ramirez agree that the return of their portion shall be
25 made in this manner. Payment shall be sent to Osbaldo Ramirez at
26 2712 Donovan Court, Live Oak, California 95953.
27     12. Plaintiff United States of America and its servants,
28 agents, and employees and all other public entities, their

servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed.  The parties to the Stipulation filed herein have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

13.  Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of defendant currency, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.  All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: May 14, 2007         /s/ David F. Levi
                            DAVID F. LEVI
                            United States District Judge

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause

4

pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described currency.

DATED: May 14, 2007          /s/ David F. Levi
                             DAVID F. LEVI
                             United States District Judge